1

1           IN THE UNITED STATES DISTRICT COURT

2              FOR THE DISTRICT OF COLORADO

3  Criminal Action No. 20-cr-98-CMA-GPG-2

4   UNITED STATES OF AMERICA,

5         Plaintiff,

6         vs.

7   SHIRLEY KOCH,

8         Defendant.

9  -----------------------------------------------------------

10                    REPORTER'S TRANSCRIPT

11                     Competency Hearing

12 -----------------------------------------------------------

13        Proceedings before the HONORABLE GORDON P. GALLAGHER,
   Magistrate Judge, United States District Court for the District
14 of Colorado, commencing on the 25th day of October, 2021, in
   United States Courthouse, Grand Junction, Colorado.
15

16                         APPEARANCES
   For the Plaintiff:
17 JEREMY L. CHAFFIN, Assistant U.S. Attorney, UNITED STATES
   ATTORNEYS OFFICE, 205 North 4th Street, Suite 400, Grand
18 Junction, CO 81501

19
   For the Defendant:
20 STEPHEN L. LAICHE, Griff Larson Laiche & Wright, 422 White
   Avenue, Suite 323, Grand Junction, CO 81501
21

22 MARTHA H. ESKESEN, Martha H. Eskesen, P.C., 5445 DTC Parkway,
   Penthouse 4, Greenwood Village, CO 80111
23

24
   KEVIN P. CARLIN, RMR, CRR, 901 19th Street, Room A259, Denver,
25 CO 80294, (303)335-2358

                              Kevin P. Carlin, RMR, CRR

1           P R O C E E D I N G S

2      (Proceedings commenced at 3:18 p.m.)

3           THE COURT: Good afternoon, everybody. I'm Gordon
Gallagher. We are here in case 20-cr-98. For purposes that are
relevant today, this is the United States versus Ms. Shirley
Koch. Ms. Koch is here out of custody with her counsel,
Mr. Laiche; with co-counsel, Ms. Eskesen, on the video; and
Mr. Chaffin is here for the Government.

           And Ms. Eskesen, let me make sure that you can see and
hear us, ma'am?

           MS. ESKESEN: Your Honor, I can hear, and I can see
Mr. Laiche, and his -- our client, and I can also see
Mr. Chaffin.

           THE COURT: Okay. And for lack of ping ponging the
video back and forth, unless for some particular reason you
really want to see me, which nobody ever really wants to do
anyway, we will just leave it pointed to your client, which I
think is probably most appropriate. But if it gets to a point
where we need to change it, we can certainly do so.

           All right. We are back today. And let me refer back.
We were here on a prior order that was issued in September,
particularly on September the -- well, I will refer first to the
minute entry that was issued the day before. On September
the 21st of 2021, there was a hearing based on competency
concerns. The minute order encapsulated therein indicates that

20-cr-98-CMA-GPG-2    Competency Hearing   10-25-2021

1  based off defense counsel's motion, I found that there was
2  reasonable cause for ordering a competency evaluation under 18
3  USC 4241, and did so.
4         That was memorialized in a bit more robust of an order
5  that was issued on September the 22nd of 2021 where that
6  evaluation was formally ordered.  That evaluation was an
7  out-of-custody evaluation based off of the fact that Ms. Koch is
8  out of custody on conditions of release, and ultimately the
9  Court fairly rapidly -- usually these are several months, but in
10 this circumstance, we received it very rapidly, got a competency
11 evaluation back on October the 15th of 2021.
12        And I understand that there are other motions pending
13 in this matter with regard to counsel, and I'm going to get to
14 them here in a bit, but I think realistically, we absolutely
15 have to at least try and address the competency matter first.
16        So, I have received --
17         MR. LAICHE:  Your Honor?
18         THE COURT:  Yes?
19         MR. LAICHE:  I'm asking that any other further
20 proceedings on either of these motions be conducted ex parte,
21 and that the persons who may be on the telephone also be
22 directed to hang up.
23        THE COURT:  I've heard the motion, and it will be
24 granted in part and denied in part.  I will grant it in part
25 when I get to the specifics.  I am denying it in part as to

20-cr-98-CMA-GPG-2    Competency Hearing    10-25-2021

1   essentially the overall findings, although I'm willing to listen
2   to some argument on that.  Does the defense have a position on
3   the overall finding without delving into the specifics of the
4   evaluation being addressed in open court?
5           MR. LAICHE:  When the Court says overall findings --
6           THE COURT:  Essentially without going into whether the
7   evaluation was to have said that somebody was or wasn't
8   competent to proceed, and I'm not saying which, of course, but
9   does the defense have a perspective on that being announced?
10          MR. LAICHE:  Well, as long as I can be comfortable
11  with the Court, from what you're telling me, will be applying
12  the legal standards, insofar as they apply to the facts in this
13  case and Dr. Fukutaki's report.  Is that what the Court --
14          THE COURT:  What I'm saying is essentially without
15  going into the substance of the report, going into just in very
16  rough terms, whether or not there was a recommendation that the
17  defendant be found guilty -- I'm sorry -- be found competent or
18  not competent in that report.
19          MR. LAICHE:  Okay.  And then, Your Honor --
20          THE COURT:  And then we will have to go into some
21  specifics after that.  I know that.
22          MR. LAICHE:  And then if we're getting close to the
23  line, I will alert the --
24          THE COURT:  Sure.  Let me know at any time, and I will
25  make further decisions based on that.  Is the Government

1  comfortable with that at this point?

2          MR. CHAFFIN: Your Honor, I guess I'm a little

3  confused about what we're talking about. To the extent counsel

4  is talking about the motion to withdraw and status of counsel,

5  the Government agrees that has to be ex parte. I'm not sure

6  what authority counsel is relying on to basically close the

7  courtroom for the competency hearing or the ruling with regard

8  to competency. I'm not aware of any authority that would permit

9  that, so I would object to that.

10         THE COURT: And I guess I should say I'm not ruling on

11  that one way or the other. I'm denying the defense motion in

12  part and holding in abeyance in part the second part, because I

13  want to get to whether I can even rule on that first under the

14  current circumstances. And we will address that, and I will

15  hear legal argument on that in a moment. So, in terms of the

16  evaluation, I will indicate without going yet into the

17  substance, because it is filed under restriction, a level two

18  restriction, that I have received and fully reviewed it, and

19  Dr. Fukutaki indicates that in her opinion, Ms. Koch is

20  competent to proceed.

21         Of course, that is only one part of the analysis. We

22  may or may not need to go into further argument with regard to

23  that, or further evidence, and I'm going to hear from the

24  parties on that in a moment, but my first question is we have

25  kind of potentially dueling motions here. We have motions for

1  counsel to withdraw, and the competency motion.

2  Clearly, the defendant cannot be without counsel for
3  any of this, but certainly not for purposes of evaluating
4  competency or arguing competency, but it also strikes me that
5  perhaps whatever the conflict is, and I'm not going to go into
6  that yet, but whatever the conflict is with counsel and
7  counsel -- the defendant and counsel, that that may preclude
8  these counsel from being in the position of being able to
9  represent the defendant for purposes of the competency issue.

10  So, I guess that's the first question. And I will ask
11  each of you all independently, but Mr. Laiche, given the motion
12  to withdraw, are you comfortable handling the competency matter,
13  and then we may have to deal with that in an ex parte fashion
14  depending on your answer?

15  MR. LAICHE: Well, yes. And I think my co-counsel has
16  a better idea of what I'm trying to say. So, if I could defer
17  to Ms. Eskesen.

18  THE COURT: Sure. Ms. Eskesen, same question for you,
19  or however you want to elaborate on that. And if we're getting
20  to the point where that portion of it needs to be addressed ex
21  parte, let me know, and I will take that up, but just put
22  simply, are you able to represent the defendant under the
23  ethical standards in the case law that you have to apply for
24  purposes of addressing the competency motion?

25  MS. ESKESEN: Yes, Your Honor. I believe so.

20-cr-98-CMA-GPG-2    Competency Hearing    10-25-2021

1  However, in light of the Court's question and the posture of the
2  question, I would feel more comfortable having a candid
3  discussion about this on an ex parte basis, as I think it gets
4  into matters related to the competency issue that I don't feel
5  is appropriate for public consumption, given the fact that we're
6  talking about a confidential report.
7           THE COURT:  All right.  So, in terms of -- and those
8  are kind of overlaying each other.  Normally I would address the
9  withdrawal ex parte, and for purposes of -- we have a number of
10 people here in the gallery.  That means without anybody here
11 except for the defendant and counsel, which includes Government
12 counsel, but it sounds like there may also be an overlay of the
13 competency issue and the withdrawal motion.
14          I haven't yet decided whether I'm going to deal with
15 the competency motion in a closed fashion or not, and I haven't
16 heard any argument or case law with regard to that, but should
17 we at least start with counsel for the Government remaining?
18 Because I don't want anything to be said about the competency
19 issue when he's not here, but I also understand that we're going
20 to have to deal with the counsel issue ex parte as well.  What's
21 your position on that, Ms. Eskesen?
22          MS. ESKESEN:  Understood, Your Honor.  And I think
23 with respect to the competency issue, that it's appropriate for
24 Government counsel to be present.
25          THE COURT:  Mr. Laiche, what's your position on that?

1           MR. LAICHE:  I have -- I concur with Ms. Eskesen.

2           THE COURT:  And Mr. Chaffin, what's your position on
3    potentially going into a closed session with all counsel and the
4    defendant, with the understanding that -- well, in seeing where
5    we go from there, since we're kind of dealing with these
6    overlapping issues?

7           MR. CHAFFIN:  Your Honor, DOJ policy requires that I
8    object to any closure of hearing.  I am not permitted to consent
9    to or agree with any closure of a public hearing.

10          I would point out, Your Honor, that to the extent that
11   this is going to touch on privileged communications between
12   Ms. Koch and her counsel, I should not be present either.  That
13   would constitute a waiver of privilege in communications.  I am
14   not asking the Court to essentially force that to happen, but I
15   think that the Court can adopt the findings in the report
16   without revealing any sensitive information, and conclude that
17   Ms. Koch is competent to proceed.

18          And then the Court can address any issues that are
19   brought up within the motion to withdraw.  To the extent there
20   is privileged communications there on competency, I think the
21   Court should order an ex parte hearing that excludes Government
22   counsel as well.

23          THE COURT:  Ms. Eskesen, what's your thought on that?

24          MS. ESKESEN:  Your Honor, I would agree with that.
25   And I'm not so sure that there needs to be any type of further

20-cr-98-CMA-GPG-2    Competency Hearing    10-25-2021

1  hearing with respect to the competency matter, given that the
2  parties were in agreement as to the ultimate finding.  And I
3  think that I presented that in what I filed with the Court in
4  response to the order that was issued at -- I believe it was --
5              THE COURT:  Are you referring to document 133?
6              MS. ESKESEN:  Yes.  And I am referring specifically to
7  the filing yesterday of document 133.  I think given there's no
8  dispute as to the ultimate finding [audio distortion] by the
9  Court, that unless someone has an objection today to that
10 finding being made, I think the Court can make it and we can
11 move forward.
12             THE COURT:  Okay.  Well, maybe I'm overly complicating
13 things, then.  So, as I indicated -- so, let's make this formal.
14 I have received and fully reviewed document 128.  As I indicated
15 unequivocally, Dr. Fukutaki finds that the defendant is
16 competent to proceed.  I'm referring specifically to page 14 of
17 that, and the language which is put forth in there, which is
18 generic language, so I'm not giving away anything about
19 Ms. Koch's mental state that hasn't been said here, is that it
20 is the doctor's opinion that Ms. Koch does not have a mental
21 disability or developmental disability that prevents her from
22 having sufficient present ability to consult with her attorney
23 with a reasonable degree of rational understanding, in order to
24 assist in her defense, or that prevents her from having a
25 rational and factual understanding of the criminal proceedings.

Kevin P. Carlin, RMR, CRR

20-cr-98-CMA-GPG-2    Competency Hearing    10-25-2021

1   It is therefore Dr. Fukutaki's opinion that the defendant is
2   currently competent to proceed.
3           Mr. Chaffin, does the Government have any position
4   separate and different from that, or does the Government agree
5   with that?
6           MR. CHAFFIN:  The Government has no basis to conclude
7   that Dr. Fukutaki's opinion is incorrect.  Again, the Government
8   would ask the Court adopt that finding as its own, and conclude
9   Ms. Koch is competent to proceed.
10          THE COURT:  All right.  Ms. Eskesen, are you speaking
11  on behalf of the defense in this matter, then?
12          MS. ESKESEN:  Yes, Your Honor.  And we too have no
13  reason to challenge Dr. Fukutaki's findings, and therefore we
14  agree.
15          THE COURT:  Thank you.
16       (Pause in the proceedings.)
17          THE COURT:  All right.  I have reviewed this matter
18  under 18 United States Code 4241.  There was initially a motion
19  filed to determine the competency of the defense -- the
20  defendant in this matter.  I granted that motion based on a
21  determination that there was reasonable cause to believe that
22  the defendant was currently suffering from a mental disease or
23  defect, rendering her mentally incompetent to the extent that
24  she was unable to understand the nature and consequences of the
25  proceeding against her or to assist properly in her defense.

1            In accordance with that statute, a psychiatric or
2    psychological examination was ordered.  A report was rendered.
3    I fully reviewed that report, as have counsel, and that report
4    unequivocally indicates that the defendant is competent to
5    proceed.  Further, a hearing was and is now being held pursuant
6    to subsection C of 4241, and that hearing is being conducted
7    pursuant to the provisions of 4247, subsection D.
8            After having and being involved in this hearing today,
9    I do not find by a preponderance of the evidence that the
10   defendant is presently suffering from a mental disease or defect
11   which would render her mentally incompetent to the extent that
12   she would be unable to understand the nature and consequences of
13   the proceedings against her or to assist properly in her
14   defense.
15           Therefore, I find and recommend that Ms. Koch be found
16   competent to proceed, will indicate that that needs to be teed
17   up as a recommendation for Judge Arguello to issue a final order
18   with regard to dealing with this matter in the referral, and she
19   is the presiding judicial officer on that matter.  So, I believe
20   that that takes care of part one of our hearing today.
21           Mr. Chaffin, anything further that you think I need to
22   put on the record or discuss with regard to competency?
23             MR. CHAFFIN:  No, Your Honor.  I would ask that the
24   Court take a brief recess just so that we can clear the court
25   prior to taking up the other --

1         THE COURT: Sure. And I will take that up here
2    momentarily. Ms. Eskesen, anything further with regard to the
3    competency portion of this hearing I need to discuss? And
4    you're still on mute.
5         MS. ESKESEN: I'm sorry, Your Honor.
6         THE COURT: No problem.
7         MS. ESKESEN: No. Not anything else from the defense.
8         THE COURT: All right. Mr. Laiche, do you concur with
9    that?
10        MR. LAICHE: Yes, sir.
11        THE COURT: Okay. So, that will move us on to the
12   second part of the hearing. And just so we're clear, what we're
13   doing, there have been motions to withdraw filed by counsel.
14   It's very clear that under the nature of those motions, those
15   are matters that must be taken up in an ex parte matter, or ex
16   parte fashion, which means the only people in the room for that
17   are the attorneys for the defendant, not the Government's
18   attorney, the defendant, me, and court staff.
19        In addition, the record will be sealed for that as
20   well. Ms. Barnes, let's start by pulling up the electronic
21   record of who is listening in, please. And we will keep that up
22   through the rest of our hearing.
23        THE COURTROOM DEPUTY: There's some 20ish.
24        THE COURT: So, for those of you on the phone, I can't
25   tell who you are other than seeing a phone number. What I will

1  ask is that everybody please -- well, Mr. Chaffin, do we have a
2  way of getting back ahold of those individuals?  Because they
3  will have an ability to listen in later.  I want to make sure
4  that we give everybody a fair opportunity to listen to what they
5  can.
6          MR. CHAFFIN:  Your Honor, without knowing who is on
7  the phone, I don't have a good way of notifying them.
8          THE COURT:  Do they all have Sandy's email address,
9  probably?
10         MR. CHAFFIN:  Ms. Foster is out of the office.  I
11 imagine that they probably all have my email address.  It has
12 been shared with all of the victims in this case.
13         THE COURT:  So, and it might be individuals other than
14 victims who are on there.  It might be members of the press or
15 otherwise.
16         MR. CHAFFIN:  I'm more than happy to share my email
17 address in the courtroom here.
18         THE COURT:  Let's have it -- so, what I will do is --
19 let's share your email address first, and then we will come
20 back.
21         MR. CHAFFIN:  Yes, Your Honor.  It's Jeremy dot
22 Chaffin, J-E-R-E-M-Y, dot Chaffin, C-H-A-F-F-I-N, at U-S-D-O-J
23 dot G-O-V.
24         THE COURT:  So, for those of you who may not have
25 heard that, it's Jeremy dot Chaffin, J-E-R-E-M-Y, dot Chaffin,

1   C-H-A-F-F -- I will try that again.  C-H-A-F-F-I-N, at U-S-D-O-J
2   dot G-O-V.  So, what I will ask Mr. Chaffin to do when we're
3   done with the ex parte portion of this is email back in a group
4   email everybody who emails him now saying that they are on the
5   phone and wanted to listen, and that I asked them -- not just
6   asked, told them that they had to hang up, because that's what
7   I'm going to do here in a moment.  And I will make sure so that
8   when that occurs we take enough time for everybody to have an
9   opportunity to call back.

10           So, what I'm going to do now -- and let's pull that
11  other screen back up, Ms. Barnes -- is I'm going to ask
12  everybody other than Ms. Eskesen to go ahead and hang up.  We
13  can tell if you haven't.  Please do, because it's just going to
14  make it faster.  Then we can move on to the next part of this.
15  And don't get back on the phone until Mr. Chaffin emails you and
16  tells you that it's time.  And we will be watching this screen,
17  and if somebody pops back on, which may happen inadvertently, we
18  will have to stop the hearing and be quiet until that person is
19  off.

20           So, if everybody who is on the phone could now please
21  hang up, except for Ms. Eskesen, and then all the folks in the
22  courtroom will have to leave.  And ma'am, I know you're holding
23  up a picture.  I appreciate that.  We can't have any
24  demonstrations in the courtroom of any sort, because the
25  attorneys have their back to you and can't see, and I shouldn't

1   see something that others can't see.  I appreciate the
2   sentiment, but we can't do that.
3           So, I will have everybody leave the courtroom, please,
4   including Mr. Chaffin.  The last one out, please close the door
5   behind you.  We are going to seal the record, and we will take
6   this back up here in a moment.  And Ms. Eskesen, if we don't
7   have compliance and everybody doesn't hang up, what we may have
8   to do is have you call in in some other fashion, but let's wait
9   and make sure that everybody hangs up here.
10          MS. ESKESEN:  That's fine, Your Honor.
11          THE COURT:  Yeah.  We will have you all shut the door.
12  CSOs can and should stay.  You all will be sworn to secrecy like
13  everybody else.  All right.  We have a couple people left.  All
14  right.  We have a last couple people who haven't hung up.
15  Everybody is gone?  Okay.  So, let's keep that screen kind of up
16  on the top or something so we can just make sure.  Okay.
17       (Ex Parte portion of hearing held from 3:44 p.m. to
18  4:31 p.m.  That record is contained in a sealed transcript.)
19          THE COURT:  All right.  We are back on the record.
20  This is still case 20-cr-98, United States versus Ms. Shirley
21  Koch, who is here out of custody with Mr. Laiche, and
22  Ms. Eskesen is on video.  Mr. Chaffin is here for the
23  Government.  We took a break here to get everybody back on or
24  into the courtroom.  We were in ex parte session so that I could
25  deal with several motions to withdraw.  Really two motions to

1   withdraw, and one renewal of that motion to withdraw.

2   I will indicate, without going into the specifics,

3   because the motions are dealt with, as they have to be, in an ex

4   parte fashion, and the record of that was sealed, that the Court

5   has carefully considered the motions, the evidence presented at

6   the hearing, as well as argument.  One item was entered as

7   restricted at, I believe it will be level one restricted, but

8   Ms. Barnes, if you could collect, label, and file that at the

9   appropriate restriction level.

10   I think it's level one.  Thank you, Mr. Laiche.  Court

11   and defense only.  That will be Defense Exhibit A, and that will

12   be restricted.

13   At the conclusion of that, the Court denied the motions

14   to withdraw.  Mr. Laiche and Ms. Eskesen will remain as counsel

15   for Ms. Koch.

16   And Mr. Chaffin, where are we in terms of a trial date,

17   which I think is the next order of business?

18   MR. CHAFFIN:  Your Honor, I believe the trial is set

19   for February 2nd.  Let me check my calendar.  It's in February

20   of 2022, Your Honor.

21   THE COURT:  And that's all I need to know, because

22   obviously I won't be presiding over the trial.  I just need to

23   know there's no orders I need to issue in order to get it set

24   for trial.  So, as far as the Government is concerned, are any

25   further orders needed from this Court in terms of trial,

1  pretrial dates, motions, or the like, or are those all resolved
2  by Judge Arguello?
3              MR. CHAFFIN:  I believe that all the trial setting
4  motions have been addressed, that there are no other pending
5  motions at this time, and that trial is set for February -- I
6  would ask that the Court, I guess, is this on a referral basis
7  that we will ultimately be referred to Judge Arguello with an
8  objection period, or is this the final determination?
9              THE COURT:  No.  So, obviously I have ruled on two
10 things today.  One of those is the motion with regard to
11 competency.  That is on a referral basis, and we will key it up
12 for any objections, although that seems exceedingly unlikely, as
13 all parties were in agreement, but nevertheless, we will allow
14 Judge Arguello to independently review and determine if she
15 wants to ratify that decision.
16             With regard to motions for withdrawal, that was a
17 direct referral that I have now issued an order on.  Of course
18 that order can be objected to based on the appropriate standards
19 as an order of a magistrate judge, but I will leave that to any
20 party who thinks they want to object to my order to do so if
21 they believe that that is appropriate.  But that is an order,
22 not a recommendation.
23             So, from that, anything else the Government thinks I
24 should address today?
25             MR. CHAFFIN:  No, Your Honor.  Thank you for that

1   clarification.
2             THE COURT: Absolutely. Mr. Laiche, anything further
3   you think I need to address today?
4             MR. LAICHE: No, Your Honor.
5             THE COURT: Ms. Eskesen, anything else that you
6   believe I need to address today?
7             MS. ESKESEN: No, Your Honor. Thank you.
8             THE COURT: Okay. Well, thank you all. Have a good
9   afternoon, and we will be in recess.
10            (Proceedings concluded at 4:49 p.m.)

REPORTER'S CERTIFICATE

I, KEVIN P. CARLIN, Official Court Reporter for the United States District Court for the District of Colorado, a Registered Merit Reporter and Certified Realtime Reporter, do hereby certify that I reported by machine shorthand the audio recordings contained herein at the time and place aforementioned and that the foregoing pages constitute a full, true, and correct transcript.

Dated this 9th day of November, 2021.

_____
Kevin P. Carlin, RMR, CRR
Official Court Reporter

Kevin P. Carlin, RMR, CRR