IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00098-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**2.**    **SHIRLEY KOCH**,

    Defendant.

## DEFENDANT SHIRLEY KOCH'S SENTENCING STATEMENT

Defendant Shirley Koch, through counsel, submits this sentencing memorandum in advance of the January 3, 2022 sentencing hearing.

## INTRODUCTION

Ms. Koch is a 69-year-old mother of three adult children. She was born and raised in was raised in Mahopac, New York, and has spent most of her adult life on the Western Slope of Colorado with her husband Alan. On March 12, 2020, she, along with her daughter Megan Hess, was charged in a nine-count indictment, which alleged multiple counts of mail fraud and aiding and abetting in violation of 18 U.S.C. §§ 1341 and 2, and unlawful transportation of hazardous materials and aiding and abetting in violation of 49 U.S.C. § 46312 and 18 U.S.C. § 2. (Doc. #1). The indictment primarily is based on the unauthorized sale and shipment of body parts of multiple deceased individuals.

In July 2022, Ms. Koch entered into a plea agreement with the Government under which she agreed to plead guilty to Count 3 of the Indictment, charging her with mail fraud and aiding and abetting, resulting from the shipment of the fraudulently obtained remains of nine individuals. On July 12, 2022, at a change of plea hearing before the Magistrate Judge, Ms. Koch plead guilty to Count 3. (Doc. #233). The Magistrate Judge recommended acceptance of her guilty plea (Doc. #232). This Court subsequently adopted the Magistrate Judge's recommendation and adjudged her guilty of violation of mail fraud and aiding and abetting. (Doc. #236).

Under 18 U.S.C. § 1341, Ms. Koch faces up to 20 years of imprisonment.

In the plea agreement, the parties calculated that Ms. Koch's Guidelines sentencing range, based upon a criminal history category I and a total adjusted offense level of 26, is 63 to 78 months. (Doc. #233 at §VI). The United States Probation Office, as set forth in the Presentence Investigation Report ("PSR"), disagrees with the parties' Guideline computation, contending instead that, based upon a criminal history category I and an adjusted offense level of 32, the range is 121 to 151 months. (Doc. #253). Even in the fact of those elevated numbers (as compared to those in the plea agreement), Probation recommends an upward variant sentence of an additional 50% (from the bottom of the range as calculated by the PSIR) to 180 months. (Doc. #253, Exhibit A).

The PSR expresses an abhorrence for the offense conduct in this case. Indeed, the Report states that "this is not a financial crime in its essence . . ." but rather an

illegal course of conduct that crosses "many moral and emotional boundaries." (Doc. #253-1, R-5).   The PSR further avers that the crime in this matter is wholly unprecedented ("a case that is in seemingly uncharted waters") (Doc. #253-1, R-4) and therefore that the Court should ignore both the Plea Agreement and the Sentencing Guidelines in fashioning a sentence in this case.   Ms. Koch takes issue with this position, as follows.

## DISCUSSION

Multiple factors counsel against an upward variance and in favor of giving Ms. Koch a Guidelines sentence within the range calculated by the parties in the Plea Agreement.   First, once the Government commenced its investigation of this case and reached out to Ms. Koch, she cooperated completely.   Specifically, on February 6, 2018, Ms. Koch, sat down with FBI agents for a nearly four-hour interview.   She freely answered agents' questions; she did not invoke her right to remain silent or her right to counsel.   She also did not take her co-defendant daughter's advice communicated to her husband, Alan, to stop speaking with the agents.

Later that day, Ms. Koch again consented to speak with FBI agents, in a follow up telephonic interview.   The next day, February 7, 2022, the FBI again contacted Ms. Koch via the telephone to ask her additional questions.   Ms. Koch again spoke openly with an agent, this time for almost an hour.

Finally, nearly a week later, on February 13, 2022, the FBI contacted Ms. Koch yet again via the telephone.   Once again, Ms. Koch spoke to the interviewing agent.

Ms. Koch did not hide anything during these conversations. Based on information she provided, the FBI was able to understand the Donor Services recordkeeping system with which she was involved and to conduct and advance its further investigation in the case. Ms. Koch respectfully suggests that the court consider this pre-charging and pre-arrest cooperation in making its sentencing determination.

Secondly, in perhaps marked contrast to her co-defendant, Ms. Koch's involvement in the scheme was not motivated primarily by pecuniary gain. An exhaustive analysis of the bank records produced by the Government in this case reveals that from 2011 to 2018, Ms. Koch annually received an average of $23,108.72 per year in compensation from the Sunset Mesa Funeral Directors businesses. That is not a salary that would have made Ms. Koch wealthy by any means and is not compensation that was derived exclusively from illegal conduct. Moreover, Ms. Koch did not spend large sums of money or live lavishly.

The reality is that Ms. Koch was a strong believer in the adage that "without donation there is no cure." That means that in the absence of available tissue samples, medical schools could not properly educate the next generation of doctors, and research companies or entities could not make progress on searching for answers to the scourge of various diseases from ALS to cancer to Parkinson's disease and so forth. Unfortunately, Ms. Koch, in a misguided effort, of course, to assist her daughter with running her business and in an effort to see that "the cure" someday could be effectuated, allowed herself illegally to cut so many corners, including, most

fundamentally, not obtaining proper authorization to utilize body parts of various deceased individuals.   Nonetheless, the fact that Ms. Koch's participation in the mail fraud scheme was not driven by financial greed is a mitigating factor that weighs against any upward variance.

Third, whatever custodial sentence Ms. Koch is given, it will be not the first significant period of incarceration that she has received, but the first time that she has been incarcerated at all.   Other than the few hours that she spent detained upon her arrest in this case, Ms. Koch has never been in jail or prison.   Ms. Koch respectfully asserts that the fact that she will be imprisoned for the first time, in connection with this case, also should temper any inclination by the Court upwardly to depart.

Fourth, although the sentencing guidelines specifically authorize judges to consider an offender's age when determining whether to depart from the Guidelines, Ms. Koch specifically agreed with the Government that she would not seek any departure or variance from the Guideline range calculated by the parties in the Plea Agreement.   Ms. Koch's age, infirmities as outlined in the PSR, life expectancy and risk of recidivism are all factors the Court can and should consider in fashioning a condign sentence in her case.   Further, In a July 26, 2022, report on Older Offenders in the Federal Prison System, the United States Sentencing Commission noted that the recidivism rate of older offenders (21.3%) was less than half that of offenders under the age of 50 (53.4%).   See Older Offenders in the Federal Prison System, July 2022, https://www.ussc.gov/research-and-publications/2022/20220726.   A sentence in the

parties' calculated Guidelines' range of 63 to 78 months would be very significant indeed to Ms. Koch, who at nearly 70 years of age, has no prior experience of having her liberty restrained and statistically is unlikely to recidivate.

Fifth, despite her circumstances with this case and the intense public adversity to her, Ms. Koch remained on the Western slope on bond and has complied with the conditions of release imposed upon her.   Despite multiple assertions to the contrary in the media and by others with an interest in this case, she has not intentionally delayed or prevented these proceedings from moving toward a conclusion.

## CONCLUSION

Based on the foregoing and the parties' submissions at Doc. ## 261, 263 and 271 which are incorporated herein by reference, Ms. Koch respectfully urges the Court to find that the Guidelines and the Plea Agreement adequately address the facts and circumstances of her case and therefore that the Court need not upwardly vary when imposing a sentence upon her.   Rather, Ms. Koch asks that the Court give her a sentence within the Guidelines range of 63-78, as computed by the parties.   Within that range, Ms. Koch urges the Court to sentence her to 63 months of imprisonment which is a profound loss of liberty for a 69-year-old defendant.

Dated:   December 20, 2022        Respectfully Submitted,

MARTHA H. ESKESEN, P.C.

s/Martha H. Eskesen
Martha H. Eskesen
7887 East Belleview Ave, Suite 1100
Denver, CO 80111
Telephone:   (303) 228-1668
Facsimile:    (303) 573-4921
E-mail: meskesen@eskesenlaw.com

s/Thomas E. Goodreid
Thomas E. Goodreid
Goodreid and Grant LLC
7761 Shaffer Parkway, Suite 105
Littleton, CO   802127
(303) 296-2048
t.goodreid@comcast.net

*Attorneys for Defendant Shirley Koch*

## **CERTIFICATE OF SERVICE**

I certify that on this 20th day of December 2022, I electronically filed the foregoing **DEFENDANT SHIRLEY KOCH'S SENTENCING STATEMENT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing which will send notification of such filing to:

Tim R. Neff, Assistant U.S. Attorney
tim.neff@usdoj.gov

Rebecca Weber, Assistant U.S. Attorney
rebecca.weber@usdoj.gov

Thomas E. Goodreid, Esq.
t.goodreid@comcast.net

And I hereby certify that I have mailed or served the foregoing document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc) indicated by the non-participant's name:

Shirley Koch			(via electronic mail)


MARTHA H. ESKESEN, P.C.

s/Martha H. Eskesen
Martha H. Eskesen
7887 East Belleview Ave, Suite 1100
Denver, CO 80111
Telephone:   (303) 228-1668
Facsimile:    (303) 573-4921
E-mail: meskesen@eskesenlaw.com