UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Criminal Action No. 20-cr-00098-CMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**2.    SHIRLEY KOCH,**

        Defendant.

_____

**RESPONSE IN OPPOSITION TO GOVERNMENT'S
MOTION TO DISCLOSE DOCUMENTS TO CIVIL LITIGANTS
(Doc. 350)**
_____

        Defendant Shirley Koch, by counsel, pursuant to the Court's Order at Doc. 351, files this Response in Opposition to Government's Motion to Disclose Documents to Civil Litigants (Doc. 350), and states:

        1.    The government's motion at Doc. 350 includes Exhibit 1 which is incomplete.  The exhibit, a letter to the government from counsel for plaintiff civil litigants references an exhibit, which the government failed to include with its filing.  Indeed, this attachment to the exhibit is necessary to properly evaluate the government's motion because, according to the government, it seeks the release of specific materials associated with specified decedents.

        2.    Notwithstanding this deficiency with Doc. 350, the government fails to recognize that, although documents currently held by the Federal Bureau of

Investigation ("FBI") were seized during the execution of the search warrant by the FBI on February 6, 2018, and thereafter,[1] the documents do not legally belong to the FBI or to the United States Attorney. This fact alone should prohibit the Government from releasing Defendants' property to the civil litigants.

3. Ms. Koch does not dispute that the government is permitted to seize evidence for use in investigations and trials. *See e.g., Warden v. Hayden,* 387 U.S. 294, 306 (1967). Nevertheless, the government may not, by exercising its power to seize, effect a *de facto* forfeiture by retaining the property seized indefinitely. See generally *United States v. United States Coin and Currency*, 401 U.S. 715, 718 (1971). The general rule is that "seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated." *Cooper v. City of Greenwood*, 904 F.2d 302, 304 (5th Cir. 1990); *see also Lowther v. United States*, 480 F.2d 1031 (10th Cir. 1973) (continued retention of evidence would constitute a taking without just compensation).

4. The United States has not initiated civil forfeiture proceedings against any items seized on February 6, 2018, or thereafter, other than the following property belonging to or in which defendant Hess has an interest: 2108 Devon Street, Montrose, Colorado 81401 and 165 Merchant Drive, Montrose, Colorado 81401. *See* Notice of Preliminary Order of Forfeiture filed June 14, 2023. (Doc. 348).

---

[1] The government sought and the Court authorized at least five additional search warrants on May 18, 2018, for various e-mail accounts.

5. Thus, the documents the government seeks to disclose to civil litigants were never validly forfeited by the United States in any civil, administrative, or criminal forfeiture proceeding, and the defendants retain ownership and possessory interests in the documents and other items seized on February 6, 2018, and thereafter, and they therefore belong to the Defendants.  *See United States v. Rodriguez-Aguirre,* 264 F.3d 1195 (10th Cir. 2001).

6. Furthermore, appeals are pending as to each defendant.  As such, these criminal proceedings have not been concluded.  *See United States v. Shirley Koch,* Appeal Nos. 12-1009 and 23-1078; and *United States v. Megan Hess,* Appeal Nos. 23-1008 and 23-1069.  Until such time as the cases are finished, the documents and seized items, some of which the government seeks to provide to civil litigants and their lawyers, remain as evidence in the criminal proceeding.

7. More importantly, the government has not cited any legal authority in support of its request to modify the protective order or of its intended proposal to share the defendants' property with third parties involved in lawsuits to which the government is not a party, or to release any of the evidence it seized during its investigation.[2]

8. In summary, Ms. Koch had numerous personal property items (including documents and files) seized on February 6, 2018, and retains ownership of those items.

---

[2] The government, without this court's authorization, already has released certain physical evidence to next of kin.  *See* Families struggle to recover remains stolen by funeral home | 9news.com, May 24, 2023 at 4:37.

3

The items were not civilly or administratively forfeited by the government, and she still retains a property interest in them.  She therefore opposes any modification of the protective order or disclosure of documents or seized items to any third parties.

9. Accordingly, the Court should deny the Government's Motion to Disclose Documents to Civil Litigants.

Dated:  August 8, 2023        MARTHA H. ESKESEN, P.C.

s/ Martha H. Eskesen
Martha H. Eskesen
7887 East Belleview Ave., Suite 1100
Denver, CO 80111
Telephone: (303) 228-1668
Facsimile: (303) 573-4921
Email: meskesen@eskesenlaw.com


s/Thomas E. Goodreid
Thomas E. Goodreid
Goodreid Grant & Walta LLC
7761 Shaffer Parkway, Suite 105
Littleton, CO 80127
(303) 296-2048
t.goodredid@ggandwlaw.com

*Attorneys for Defendant Shirley Koch*

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on August 8, 2023, I electronically filed the foregoing **RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION TO DISCLOSE DOCUMENTS TO CIVIL LITIGANTS (DOC. 350)** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Tim R. Neff, Assistant U.S. Attorney  
Tim.neff@usdoj.gov

Rebecca Weber, Assistant U.S. Attorney  
Rebecca.weber@usdoj.gov

Thomas E. Goodreid, Esq.  
t.goodredid@ggandwlaw.com

Dan Shaffer, Esq.  
lawyerdan@danielshafferlaw.com

Ashley Marie Petrey, Esq.  
Ashley@aplawltd.com


And I hereby certify that I have mailed or served the foregoing document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc) indicated by the non-participant's name:

Shirley Koch                                                                       (via U.S. Mail)

Kimberly Penix, Esq                                                         (via e-mail)  
klpenix@aldermanlawfirm.com

Jacob Rasch-Chabot, Assistant Federal Public Defender   (via e-mail)  
Jacob_Rasch-Chabot@fd.org


MARTHA H. ESKESEN, P.C.

s/ Martha H. Eskesen  
Martha H. Eskesen  
7887 East Belleview Ave., Suite 1100  
Denver, CO 80111  
Telephone: (303) 228-1668  
Facsimile: (303) 573-4921  
Email: meskesen@eskesenlaw.com