IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Criminal Action No. 20-cr-00098-CMA-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MEGAN HESS,
2. SHIRLEY KOCH,

    Defendants.

## ORDER MODIFYING PROTECTIVE ORDER

This matter is before the Court on the Government's Opposed Motion to Disclose Documents to Civil Litigants (Doc. # 350) in which the Government requests the Court modify a Protective Order (Doc. # 83) limiting disclosure of discovery to defendants and their counsel. For the foregoing reasons, the Court grants the Motion.

### I.    BACKGROUND

In March 2020, the Government charged Defendants Megan Hess and Shirley Koch each with multiple counts of Mail Fraud and Illegal Transportation of Hazardous Materials related to the theft and unlawful sale of bodies and body parts of hundreds of decedents to medical research companies. (Doc. # 230 at 3-4.) This scheme was carried out by means of Defendant Hess's ownership and management of, and Defendant Koch's employment with, Sunset Mesa Funeral Home and its related

nonprofit Donor Services. (*Id.* at 1–6.)

On June 11, 2021, during the discovery phase of this case, the Government sought a protective order to restrict access to documents containing confidential and sensitive information related to third parties—including decedent-victims of Defendants' scheme. *See generally* (Doc. # 82.) The Court granted the Government's Unopposed Motion for Protective Order on June 11, 2021. (Doc. # 83.) Pursuant to plea agreements, Defendants pleaded guilty and were thereby convicted of one count each of mail fraud and aiding and abetting. (Docs. ## 230, 233.)

The Government now seeks a limited modification of that protective order to permit the release of decedents' Donor Services and Sunset Mesa Funeral Home files to victim-family members represented by the law firm Burg Simpson in a related civil lawsuit. (Doc. # 350.) Defendants filed their Responses in Opposition on August 10, 2023. (Docs. ## 352–53.)

## II.   DISCUSSION

### A.   JURISDICTION

Defendant Hess argues that this Court lacks jurisdiction over the instant Motion because she and her co-Defendant have appealed their sentences to the United States Court of Appeals for the Tenth Circuit. (Doc. # 353 at 2.) This argument lacks merit. Although filing notice of appeal generally divests the district court of jurisdiction over the issues on appeal, *see Marrese v. Am. Acad. of Orthopedic Surgeons*, 470 U.S. 373, 379 (1984), the district court retains jurisdiction over "collateral matters not involved in the appeal." *Garcia v. Burlington N. R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987).

2

Examples of "collateral matters" over which the district court retains jurisdiction following an appeal include the determination of the propriety and amount of attorney's fees, as well as matters involving different claims against different parties than those claims and parties in the matter pending appellate review. *See, e.g.*, *id.*; *Int'l Paper Co. v. Whitson*, 595 F.2d 559, 561–62 (10th Cir. 1979). Conversely, motions for a preliminary injunction which involve the same issues as those in a matter pending appeal and motions for reconsideration of a district court's order granting a defendant an extension of time to file an appeal, are examples of non-collateral matters over which a district court cannot exercise jurisdiction following the filing of a notice of appeal. *See U.S. v. Madrid*, 633 F.3d 1222, 1227 (10th Cir. 2011); *Pueblo of Pojoaque v. New Mexico*, 214 F. Supp. 3d 1028, (D.N.M. 2016) (citing *Int'l Bus. Mach. Corp. v. Johnson*, 355 F. App'x 454 (2d Cir. 2009)).

Modification of the protective order entered in this case is unrelated to the merits of the issues on appeal. *See Hutchnson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997) ("The modification of the protective order is a matter collateral to the substantive issues in this litigation."). Therefore, the Court concludes that the Government's request for modification of a discovery protective order is a "collateral matter" over which this Court retains jurisdiction.

**B.     MODIFICATION OF A PROTECTIVE ORDER**

"[A]s a sheer matter of power the [district] court has authority to alter the terms of a protective order it has entered, and . . . ordinarily requests to modify are directed to the district court's discretion and subject to review only for abuse of discretion." 8

3

Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure* § 2044.1, at 575–76 (3d ed. 2023); *see also Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008) ("The modification of a protective order, like its original entry, is left to the sound discretion of the district court."). Further, in cases involving "modification of a protective order [which would] place private litigants in a position they would otherwise reach only after repetition of another's discovery," the Tenth Circuit has concluded that "such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification." *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1428 (10th Cir. 1990) (quoting *Wilk v. Am. Med. Ass'n*, 635 F.2d 1295, 1299 (7th Cir. 1980)).

Defendants have not demonstrated that their substantial rights would be tangibly prejudiced from the proposed modification. Rather, they argue that absent civil forfeiture proceedings, which have not occurred in this case, the documents sought by the civil litigants remain their property not withstanding their current possession by the Federal Bureau of Investigation ("FBI"). (Doc. # 352 at 2–4; Doc. # 353 at 1–2.) Defendants also argue that because appeals are pending in their cases, the criminal proceedings have not concluded and the documents at issue remain evidence. (Doc. # 352 at 3.)

The Court finds these arguments unpersuasive. Defendants have not articulated, nor can the Court conceive of, a means by which the requested modification would prejudice Defendants. Defendants did not disclose the documents under a promise of confidentiality, rather the documents were seized pursuant to a search warrant executed by the FBI. (Doc. # 350 at 2). *Contra S.E.C. v. Merrill Scott $ Assocs.*, 600

4

F.3d 1262, 1271 (10th Cir. 2010); *Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr. of Durango*, No. 05-cv-02084-JAP-LFG, 2009 WL 4730471, at *3 (D. Colo. Dec. 7, 2009). Further, although not expressly articulated by Defendants in their opposition, any desire to make the civil litigation pending against them more burdensome "is not legitimate prejudice," and "any legitimate interest the defendants have in continued secrecy as against the public at large can be accommodated by placing [civil litigants] under the restrictions on use and disclosure contained in the original protective order." *United Nuclear*, 905 F.2d at 1428.

### III.  CONCLUSION

Accordingly, the Court ORDERS as follows:

- The Government's Motion to Disclose Documents to Civil Litigants (Doc. # 350) is GRANTED; and

- paragraph a. of the Protective Order (Doc. # 83) in this case will be modified to read: With the exception of Donor Services, Inc. ("DSI") files and Sunset Mesa Funeral Home files associated with each decedent for whom Burg Simpson represents a victim plaintiff involved in civil litigation against Defendants Megan Hess and Shirley Koch, the Government discovery produced to the defendant may be disclosed only to defense counsel and their staff, the defendant (subject to the conditions set forth in paragraph c.), and any retained defense experts (subject to the conditions set forth below). Where such material exists, the DSI and Sunset Mesa Funeral Home files associated with each decedent for whom Burg Simpson represents a victim plaintiff may also be disclosed to that victim

plaintiff's counsel at Burg Simpson. All parties with access to discovery shall keep the discovery in strict confidence and may use the discovery exclusively in connection with this case or the related civil action, and for no other purpose.

DATED: August 11, 2023

                              BY THE COURT:

                              _____
                              CHRISTINE M. ARGUELLO
                              Senior United States District Judge